# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARMANE SMITH, | : | 3:17cv1677 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
|     v. | : | |
| | : | (Magistrate Judge Carlson) |
| HABAND, | : | |
|     Defendant | : | |

## MEMORANDUM

Before the court for disposition are Plaintiff Charmane Smith's (hereinafter "plaintiff") objections (Doc. 3) to Magistrate Judge Martin C. Carlson's report and recommendation (Doc. 2) (hereinafter "R&R") in the above-captioned case. The docket indicates no service of plaintiff's *pro se* complaint (Doc. 1) upon Defendant Haband (hereinafter "defendant"), a Pennsylvania business. The matter is ripe for disposition.

**Background**

Plaintiff filed her complaint on September 15, 2017 captioned as an application for injunction under FED R. CIV. P. 65(a). (Doc. 1 at 1.) In it, she expresses dissatisfaction with a mail order placed with defendant. (Doc. 1 at 2 ¶ 1). Plaintiff apparently ordered items of clothing, and then returned them to defendant, (Doc. 1 at 2 ¶ 1), requesting instead a pair of boots in exchange.

(Doc. 1 at 1 ¶ 3). Alleging the boots were never received, (Doc. 1 at 2 ¶ 1), the complaint seeks damages in the amount of $35.96, plus costs, and two credit cards, one from Haband and one from "Blair," each with zero percent APR[1] and a $1,500.00 credit limit. (Doc. 1 at 1 ¶ 1-4.)

Magistrate Judge Carlson issued a comprehensive R&R, and because there is no indication that plaintiff has paid the filing fee and she apparently seeks *in forma pauperis* status, the R&R granted plaintiff leave to proceed *in forma pauperis*. The R&R recommends that we dismiss the state law claims for failure to state a claim upon which relief can be granted in federal court, without prejudice to plaintiff filing this action in the appropriate Pennsylvania Court of Common Pleas. (R&R at 9-10.) See 28 U.S.C. §1915(e)(2)(B)(ii). For the reasons that follow, we will adopt Magistrate Judge Carlson's R&R.

**Jurisdiction**

Our subject matter jurisdiction over this case is in question and will be discussed below.

---

[1] A credit card's interest rate is the price you pay for borrowing money. For credit cards, the interest rates are typically stated as a yearly rate. This is called the annual percentage rate (APR). https://www.consumerfinance.gov/ask-cfpb/what-is-a-credit-card-interest-rate-what-does-apr-mean-en-44/ (Accessed October 5, 2017.)

**Standard of review**

When determining the disposition of objections to a magistrate judge's R&R, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). We may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).

Courts are required to liberally construe *pro se* litigant's pleadings. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011). The Supreme Court has held that *pro se* complaints should be held "to less stringent standards than formal pleadings drafted by lawyer." Haines v. Kerner, 404 U.S. 519, 520 (1972). This leniency, however, has its limits and litigants, even those proceeding *pro se,* "cannot flout procedural rules – they must abide by the same rules that apply to other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)).

**Discussion**

Federal district courts, as courts of limited jurisdiction, have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of the case. Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir. 1993) cert. denied sub nom Upp v. Mellon Bank, N.A., 510 U.S. 964 (1993). Moreover, federal

3

courts have the obligation to address the question of subject matter jurisdiction *sua sponte*. Meritcare, Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999); see generally Nelson v. Keefer, 451 F.2d 289, 293-95 (3d Cir. 1971) (finding that the federal judiciary has been too cautious in addressing the large number of cases which do not belong in federal courts). If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. FED. R. CIV. P. 12(h)(3).

Pursuant to 28 U.S.C. § 1332, jurisdiction is proper in federal district court where the action involves citizens of different states and an amount in controversy, exclusive of interest and costs, in excess of $75,000.00. See 28 U.S.C. § 1332(a). In the absence of such diversity, jurisdiction can be sustained on the ground that the complaint raises a federal question. 28 U.S.C. § 1331.

Here, plaintiff asserts neither diversity nor federal question jurisdiction. On its face, the complaint in the instant case identifies plaintiff as a resident of Tennessee, and we recognize defendant is a business that has at least one facility in Pennsylvania. Thus, it is possible that the parties may be diverse, but even if they are, the amount in controversy is clearly well below the minimum amount of $75,000.00, exclusive of interest and costs, the jurisdictional threshold set forth in 28 U.S.C. §1332(a). Plaintiff seeks two credit cards with $1,500.00 credit limits and damages of $35.96.

4

Further, plaintiff's complaint does not assert federal question jurisdiction. Plaintiff agues federal jurisdiction based upon the fact that she filed pursuant to Rule 65 of the Federal Rules of Civil Procedure. Despite plaintiff's protestations to the contrary, Rule 65 does not confer jurisdiction. A motion for a preliminary injunction or a temporary restraining order does not, alone, confer subject matter jurisdiction on a federal court; instead, an independent basis for asserting federal question or diversity jurisdiction must be shown in order for the court to grant injunctive relief. Vis Vires Group, Inc. v. Endonovo Therapeutics, Inc., 149 F. Supp. 3d 376, 381 (E.D.N.Y. 2016); Peterson v. Sears, 238 F. Supp. 12 (N.D. Iowa 1964) (Federal rule governing injunctions does not purport to confer jurisdiction on federal courts but restricts power of courts to act in cases in which they have already acquired jurisdiction.) In accord Moses Taylor Lodge No. 95 of Brotherhood of Railroad Trainmen v. Delaware, L. & W. R. Co., 39 F. Supp. 456 (M.D. Pa. 1941) (citations omitted), see also Fed. R. Civ. P. 65(a); 28 U.S.C.A. §§ 1331, 1332.

Accordingly, we have neither diversity jurisdiction nor federal question jurisdiction. Plaintiff's complaint will be dismissed without prejudice to her pursuing her claims in an appropriate state court.

**Conclusion**

Thus, we will adopt Magistrate Judge Carlson's R&R and deny plaintiff's objections. An appropriate order follows.

Date: October 30, 2017

s/James M. Munley_____
**JUDGE JAMES M. MUNLEY
United States District Court**